IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02349–WJM–KMT

CHIMNEY ROCK PUBLIC POWER DISTRICT,
MIDWEST ELECTRIC COOPERATIVE CORPORATION,
NORTHWEST RURAL PUBLIC POWER DISTRICT,
PANHANDLE RURAL ELECTRIC MEMBERSHIP ASSOCIATION, and
ROOSEVELT PUBLIC POWER DISTRICT,

    Plaintiffs,

v.

TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC., and
HAROLD "HUB" THOMPSON,

    Defendants.

**ORDER**

This matter is before the court on "Defendant Tri-State's Motion to Amend the Scheduling Order and to Assert Additional Counterclaims" (Doc. No. 65 [Mot. Counterclaims], filed August 23, 2012).  Plaintiffs filed their Response on September 13, 2012 (Doc. No. 68 [Resp.]), and Defendant Tri-State filed its Reply on September 24, 2012 (Doc. No. 73 [Reply]).  Also before the court is the "Unopposed Motion by Defendant Tri-State to Amend Its Answer to Assert an Additional Defense" (Doc. No. 81 [Mot. Answer], filed November 29, 2012).

### I.  *Motion to Amend and Allow Additional Counterclaims*

Defendant Tri-State seeks to amend the deadline for amending pleadings in order to allow it to assert additional counterclaims against two members of Tri-State's board of directors, Wayne Cobb and Jerry Underwood, for alleged breaches of fiduciary duties.  Defendant Tri-State also seeks to add counterclaims against Plaintiffs Reiber and Skinner for allegedly aiding and abetting Cobb's and Underwood's breach of fiduciary duty.  (Mot. Counterclaims at 1–2.)  Defendant Tri-State avers that the additional counterclaims arise out of the same set of operative facts already at issue in this case.  (*Id.* at 2.)

"Because [Defendant] filed [its] Motion after the deadline for amending the pleadings, the Court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the Scheduling Order under Fed. R. Civ. P. 16(b), [and] then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Fed. R. Civ. P. 15(a)."  *Nicastle v. Adams County Sheriff's Office*, No. 10–cv–00816–REB–KMT, 2011 WL 1465586, at *1 (D. Colo. Mar. 14, 2011); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).  Plaintiff is entitled to amend its Counterclaims only if it makes the requisite showing at each step of the analysis.

Rule 16(b)'s good cause standard is much different from the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other

words, this Court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." *Pumpco, Inc. v. Schenker Int'l. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quoting Fed. R. Civ. P. 16(b)) (citations omitted); *accord Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a) . . . . Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."). "Once [Defendant] has shown good cause for modifying the scheduling order, [it] must also satisfy the requirements of Rule 15(a) for amending the pleadings." *Nicastle*, 2011 WL 1465586, at *2. If Defendant fails to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, *i.e.*, whether Defendant has satisfied the requirements of Rule 15(a). *Id.* at *3; *Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying an untimely motion to amend solely on the basis of the moving party's failure to establish good cause under Rule 16(b)).

### A.   *Rule 16 Good Cause to Modify Deadline to Amend Pleadings*

Defendant filed its Motion to Amend on August 23, 2012, approximately two-and-a-half months after the expiration of the pleading amendment deadline established in the Scheduling Order. (*See* Doc. No. 38.) Defendant argues that it has good cause for filing the Motion to Amend after the expiration of the deadline. Defendant states that it first became aware of the facts underlying the additional counterclaims from: (1) documents Plaintiffs produced shortly

before or after the May 16 deadline for amending pleadings, and (2) Plaintiffs' assertion, on or about June 28, 2012, that Plaintiffs (and by implication, Cobb and Underwood) anticipated litigation against Tri-State as early as September 13, 2007.  (Mot. Counterclaims at 2.) Defendant avers that once it realized that two members of its own board of directors (and in Underwood s case, Tri-State s Treasurer and a member of its Executive Committee) had been directly involved in the Nebraska Power Supply Interest Group ("NPSIG") activities and apparently knew of and helped to plan litigation against Tri-State without disclosing these facts, Defendant acted expeditiously.  Defendant states it presented the relevant facts to the Executive Committee on July 9 and August 6, 2012, and that the executive sessions of Tri-State's board of directors were convened August 13 and 15, 2012, at which time the board authorized the Motion to Amend to be filed.  (*Id.* at 3.)

A scheduling order deadline, such as the pleading amendment deadline, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).  To demonstrate good cause pursuant to Rule 16, Defendant must "show that [it was] diligent in attempting to meet the [pleading amendment] deadline, which means [it] must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 n.4 (10th Cir. 2006) (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness does).  Here, Defendant took action prior to expiration of the pleading amendment deadline to obtain discovery pertaining to the amendments.  (*See* Mot. Counterclaims at 7.)  Between April 12 and July 26, 2012, Plaintiffs produced more than

118,000 pages of responsive documents, 92,000 of which were produced after June 26, 2012–six weeks after the May 16 deadline expired. (*Id.*)

Additionally, Defendant served document subpoenas on twenty-two non-party witnesses, including certain of Plaintiffs' outside consultants and Cobb and Underwood. (*Id.*) Plaintiffs objected to the subpoenas served on the consultants, and on June 28, 2012, Plaintiffs informed Defendant that NPSIG had anticipated litigation against Defendant on September 13, 2007. (*Id.*) Defendant argues that its additional counterclaims are based primarily on information obtained from Plaintiffs' production of documents and from Plaintiffs' objection to the subpoenas served on the consultants. Defendant did not have this information prior to the deadline to amend the pleadings. Moreover, Defendant acted expeditiously in evaluating and deciding to pursue the additional counterclaims.

The Court finds Defendant has shown good cause for requesting leave to amend outside the pleading amendment deadline.

### B.     *Rule 15(a) Requirements*

The Court next turns to Rule 15(a) and whether justice would be served by permitting amendment. In situations where the request falls outside the pleading amendment deadline and assuming good cause is shown, leave should generally be permitted unless the moving party unduly delayed or failed to cure, the opposing party would be unduly prejudiced, or the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs have not argued that the additional counterclaims would be futile. Instead, they argue that the amendments are untimely and that they would be prejudicial.

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Defendant has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Here, the Court finds that there is no undue delay in allowing the additional counterclaims at this stage of the litigation. Moreover, the Court notes that there should be no prejudice to Plaintiffs with the addition of the counterclaims. Courts typically find prejudice only when the amendment unfairly affects the a party "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1207 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Here, while Defendant's Motion to Amend came after the pleading amendment deadline expired, it came well before the expiration of the discovery deadline. Moreover, this Court on November 27, 2012, granted the parties an extension of the deadlines for expert witness disclosures, fact and expert discovery, and to file dispositive motions. (*See* Doc. No. 80.) The court also notes that no trial date has been set. Thus, Plaintiffs will have sufficient time to prepare their defenses to the amendments.

## II.     *Motion to Amend Answer to Assert Additional Defense*

Defendant Tri-State also wishes to amend its answer to assert the business judgement rule as an additional, separate defense. Defendant simply states that the amendment is "[b]ased on discovery conducted to date." (Mot. Answer, ¶ 2.) Plaintiffs do not oppose the amendment. Thus, because this Court has allowed the additional counterclaims, it also will allow the amendment of the answer to assert an additional defense.

WHEREFORE, for the foregoing reasons it is

**ORDERED** that "Defendant Tri-State's Motion to Amend the Scheduling Order and to Assert Additional Counterclaims" (Doc. No. 65) and the "Unopposed Motion by Defendant Tri-State to Amend Its Answer to Assert an Additional Defense" (Doc. No. 81) are **GRANTED**. Defendant Tri-State shall file its combined amended answer and counterclaims no later than **December 3, 2012**.

Dated this 29th day of November, 2012.

BY THE COURT:

*[signature]*

Kathleen M Tafoya
United States Magistrate Judge