IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 10-cv-02349-WJM-KMT

CHIMNEY ROCK PUBLIC POWER DISTRICT,
MIDWEST ELECTRIC COOPERATIVE CORPORATION,
NORTHWEST RURAL PUBLIC POWER DISTRICT,
PANHANDLE RURAL ELECTRIC MEMBERSHIP ASSOCIATION, and
ROOSEVELT PUBLIC POWER DISTRICT,

    Plaintiffs,

v.

TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC.,

    Defendant,

TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC.,

    Counterclaim Plaintiff,

v.

CHIMNEY ROCK PUBLIC POWER DISTRICT,
MIDWEST ELECTRIC COOPERATIVE CORPORATION,
NORTHWEST RURAL PUBLIC POWER DISTRICT,
PANHANDLE RURAL ELECTRIC MEMBERSHIP ASSOCIATION,
WAYNE COBB,
RYAN REIBER,
ROLLAND SKINNER, and
JERRY UNDERWOOD,

    Counterclaim Defendants.

---

**ORDER OVERRULING PLAINTIFFS' RULE 72 OBJECTION / APPEAL OF DECISION OF MAGISTRATE JUDGE**

---

    This matter is before the Court on Plaintiffs Chimney Rock Public Power District, Midwest Electric Cooperative Corporation, Northwest Rural Public Power District and Panhandle Rural Electric Membership Association (collectively, "Plaintiffs") Objection

("Objection") (ECF No. 100) to United States Magistrate Judge Kathleen M. Tafoya's Decision dated November 29, 2012, granting Defendant Tri-State's Motion to Amend the Scheduling Order and to Assert Additional Counterclaims. (ECF No. 83.) Defendants Tri-State Generation and Transmission Association, Inc ("Defendants") have filed a Response.

## I. RELEVANT FACTS

On February 2, 2012, Judge Tafoya entered an initial Scheduling Order (ECF No. 38) that included a May 16, 2012 deadline to amend pleadings (the "May 16th Deadline") and a November 5, 2012 discovery deadline. (ECF No. 38 at 20.)

On November 29, 2012, Judge Tafoya entered an order (ECF No. 83) granting the Motion to Amend, and allowing Tri-State to assert its new counterclaims including its new counterclaims against the four new parties Cobb, Underwood, Reiber and Skinner (collectively the "Four Individuals"). Judge Tafoya explained in part as follows:

> Defendant [Tri-State] argues that its additional counterclaims are based primarily on information obtained from **Plaintiffs' production of documents and from Plaintiffs' objection to the subpoenas served on the consultants. Defendant did not have this information prior to the deadline to amend the pleadings** [i.e., the May 16th Deadline]. Moreover, Defendant acted expeditiously in evaluating anddeciding to purse the additional counterclaims . . . Here, the Court finds that there is no undue delay in allowing the additional counterclaims at this stage of the litigation. Moreover, the Court notes that there should be no prejudice to Plaintiffs with the addition of the counterclaims. . . . Here, while Defendant's Motion to Amend came after the pleading amendment deadline expired, it came well before the expiration of the discovery deadline. Moreover, this Court on November 27, 2012, granted the parties an extension of the deadline for expert witness disclosures, fact and expert discovery, and to file dispositive motions. The court notes that no trial date has been set. Thus, Plaintiffs will have sufficient time to prepare their defenses to the amendments. (*emphasis added*.)

ECF No. 83 at 5-6 (brackets added; citations omitted).

On December 14, 2012, Plaintiffs filed their Objections arguing that this Court should reverse ECF No. 83 under Federal Rule of Civil Procedure 72(a).

## II. LEGAL STANDARD

In considering objections to non-dispositive rulings by a Magistrate Judge, the Court must adopt the Magistrate Judge's rulings unless it finds that the rulings are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). Accordingly, objections will be overruled unless the Court finds that the Magistrate Judge abused her discretion or, if after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza*, 167 F.R.D. at 133 (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The party seeking to reverse a Magistrate Judge's decision under Rule 72(a) bears the burden of proving that the Magistrate Judge abused her "broad discretion" to decide non-dispositive motions. *See e.g. Geer v. Challenge Financial Investors Corp.*, 2007 WL 2010957, at *2 (D. Kan. July 9, 2007).

There is nothing in Judge Tafoya's reasoning to bring that Order into question. Detailed and cogent reasons have been provided that are not clearly erroneous, nor contrary to law pursuant to Rule 72(a). This is well illustrated at ECF No. 83 at 5-6. This only confirms the result against Plaintiffs' Objection.[1] The Court finds as much.

---

[1] As well pointed out by Defendants' Response: "Plaintiffs initially filed this action in the District of Nebraska in September of 2009. In response to Tri-State's request, the Nebraska Magistrate Judge recommended that the case be transferred to the District of Colorado. (explaining that "'[v]irtually every act alleged in the complaint occurred in Colorado, and the

### III. CONCLUSION

The Court concludes that the Judge Tafoya's analysis was thorough and sound, and that there is no clear error on the face of the record. In accordance with the foregoing, the Plaintiff's' Objection (ECF No. 100) is OVERRULED.

Dated this 13th day of August 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge

---

majority of plaintiffs' claims are governed by the law of Colorado"). In response to Plaintiffs' appeal from the Magistrate Judge's recommended decision, the Nebraska District Court Judge on August 19, 2010 affirmed this recommendation, and transferred the case to Colorado. As a result, Plaintiff caused an approximate one year delay by filing this action in the wrong venue." (ECF No. 118 at 9.)