IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02349–WJM–KMT

CHIMNEY ROCK PUBLIC POWER DISTRICT,
MIDWEST ELECTRIC COOPERATIVE CORPORATION,
NORTHWEST RURAL PUBLIC POWER DISTRICT,
PANHANDLE RURAL ELECTRIC MEMBERSHIP ASSOCIATION, and
ROOSEVELT PUBLIC POWER DISTRICT,

    Plaintiffs,

v.

TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC.,

    Defendants,

TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC.,

    Counterclaim Plaintiff,

v.

CHIMNEY ROCK PUBLIC POWER DISTRICT,
MIDWEST ELECTRIC COOPERATIVE CORPORATION,
NORTHWEST RURAL PUBLIC POWER DISTRICT,
PANHANDLE RURAL ELECTRIC MEMBERSHIP ASSOCIATION,
RYAN REIBER, and
JERRY UNDERWOOD,

    Counterclaim Defendants.

# ORDER

This matter is before the court on Defendant Tri-State Generation and Transmission Association, Inc.'s (Tri-State) "Motion to Amend the Final Pretrial Order" [Doc. No. 266] ("Mot.") filed September 16, 2013.   Plaintiffs Chimney Rock Public Power District, Midwest Electric Cooperative Corporation, Northwest Rural Public Power District, Panhandle Rural Electric Membership Association, and Roosevelt Public Power District ("Plaintiffs") together with Counterclaim Defendants Ryan Reiber and Jerry Underwood ("Reiber" and "Underwood") filed their "Joint Response to Tri-State's Motion to Amend the Final Pretrial Order" [Doc. No. 278] ("Resp.") on October 10, 2013.

Tri-State seeks to modify this court's Final Pretrial Order [Doc. No. 249, entered August 13, 2013] to add as potential trial exhibits, "the computation of damages and underlying invoices set forth at pages 18-21 of Tri-State's Third Supplemental Rule 26(a)(1)(A) Disclosures served on April 29, 2013" (hereinafter referred to as "additional damages documents") and to "supplement Tri-State's existing identification in the Pretrial Order of witness Ken Reif in order to clarify that Mr. Reif will authenticate the underlying invoices and testify about Tri-State's payment of them." (Mot. at 1.)

Federal Rule of Civil Procedure 16(e) provides that "the court may modify the order issued after a final pretrial conference only to prevent manifest injustice."   The burden of demonstrating manifest injustice falls upon the party moving for modification.   *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1223 (10th Cir. 2000) (citing *R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.,*

835 F.2d 1306, 1308 (10th Cir. 1987)). The court considers the following factors in determining whether to permit an amendment of the Final Pretrial Order: (1) prejudice or surprise to the party opposing the amendment; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case; and (4) bad faith by the party seeking to modify the order. *Id.* (citations omitted).

The court finds that each of the factors outlined above weigh in favor of allowing Defendant to amend the Final Pretrial Order to add the additional damages documents as potential exhibits and to expand on witness Ken Reif's expected testimony to specifically include possible testimony about those documents and payments made by Tri-State. As to the first and second factors, neither Plaintiffs nor Underwood and Reiber dispute that on February 26, 2013, some six months prior to entry of the Final Pretrial Order, Tri-State's counsel sent a letter to counsel for the counterclaim defendants (including counsel for Cobb and Skinner[1]) which (a) stated that Tri-State was seeking to recover its costs and expenses (but not attorney's fees) from the counterclaim defendants under the wrong-of-another doctrine, and (b) enclosed copies of the additional damages documents Tri State now seeks to add to the Final Pretrial Order. (*See* Mot. at 3.) Further, Tri-State asserts that on March 20 and 21, 2013, Tri-State's General Counsel, Ken Reif was deposed and testified about Tri-State's claimed damages against Cobb, Underwood, Reiber and Skinner. *Id*. It also is not disputed that on April 29, 2013, Tri-State supplemented its Rule 26 Disclosures to include a computation of damages regarding its claims against Cobb, Underwood, Reiber and Skinner based upon the additional damages documents it now seeks to add

---

[1] The District Court dismissed Wayne Cobb and Rolland Skinner on August 21, 2013. [Doc. No. 252].

to the Final Pretrial Order. Under the facts here, there is absolutely no surprise or prejudice in allowing Tri-State to amend the Final Pretrial Order to list the additional damages documents as potential exhibits nor with expanding the summary of expected testimony from Ken Reif to include this area of inquiry about which all parties were well-aware. Trial will not commence for another eight months, and the plaintiffs and the counterclaim defendants have ample time to prepare to challenge or otherwise deal with the documentary evidence.

As to the remaining *Koch* factors, Tri-State claims, "[a]fter Cobb and Underwood filed a motion to submit a supplemental brief in support of their summary judgment (*see* ECF No. 253), Tri-State discovered that it had inadvertently failed to specifically list as exhibits in the Pretrial Order the previously-disclosed Cost Documents." (Mot. at 4, ftnt. 4.) This omission was brought to the court's attention via the instant motion within one month of the entry of the final pretrial order. Plaintiffs, Underwood and Reiber argue,

> [In the Final Pretrial Order] Tri-State did not identify a single witness and did not list a single document that would support its last-minute claims to have been damaged by something Cobb and/or Underwood did (or did not do). It was only when Cobb and Underwood moved to supplement their motion for summary judgment with that new fact [ECF No. 253] that Tri-State decided it needed to provide a witness and offer some documents.

(Resp. at 3.) The court finds this argument to be unavailing and unnecessarily disparaging. Tri-State had undisputedly taken pains to present the additional damages documents to all the parties over the course of several months preceding the final pretrial conference. There would have been no purpose in drawing the parties' attention to the documents and to supplement initial disclosures were it not for the fact that Tri-State was intending to use the documents in some manner during the litigation, presumably at trial. Clearly, the omission of the documents from the

4

final pretrial order after months of specifically bringing the same to the forefront in its discovery, was not intentional nor done in bad faith.

Altogether, in light of the court's consideration of the *Koch* factors and the circumstances presented, the court finds that it would be manifestly unjust to eliminate Tri-State's additional damages documents from consideration at trial simply because the preparer of the proposed final pretrial order made a mistake of omission,[2] especially in light of the timing and the lack of prejudice to opposing parties.

It is **ORDERED**

Defendant Tri-State Generation and Transmission Association, Inc. (Tri-State)'s "Motion to Amend the Final Pretrial Order" [Doc. No. 266] is **GRANTED**.  Tri-State shall prepare a proposed Amended Final Pretrial Order and circulate the same to all parties for approval as to form consistent with this Order.  The approved proposed Amended Final Pretrial Order shall be filed on or before **November 4, 2013**.

Dated this 17th day of October, 2013.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge

---

[2] This Order does not intend to make any findings with respect the admissibility of the additional damages documents at trial.  The only issue before this court is whether the documents and testimony related thereto may be part of the final pretrial order, thus allowing the parties to argue about admissibility at trial.