**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02349-WJM-KMT

CHIMNEY ROCK PUBLIC POWER DISTRICT,
MIDWEST ELECTRIC COOPERATIVE CORPORATION,
NORTHWEST RURAL PUBLIC POWER DISTRICT,
PANHANDLE RURAL ELECTRIC MEMBERSHIP ASSOCIATION, and
ROOSEVELT PUBLIC POWER DISTRICT,

      Plaintiffs,

v.

TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC.,

      Defendant.
_____

TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC.,

      Counterclaim Plaintiff,

v.

CHIMNEY ROCK PUBLIC POWER DISTRICT,
MIDWEST ELECTRIC COOPERATIVE CORPORATION,
NORTHWEST RURAL PUBLIC POWER DISTRICT, and
PANHANDLE RURAL ELECTRIC MEMBERSHIP ASSOCIATION,

      Counterclaim Defendants.
_____

TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC.,

      Third-Party Plaintiff,

v.

WAYNE COBB,
RYAN REIBER,
ROLLAND SKINNER, and
JERRY UNDERWOOD,

      Third-Party Defendants.

_____

## ORDER GRANTING MOTION TO STRIKE
_____

In this diversity action, Defendant and Counterclaim Plaintiff Tri-State Generation

and Transmission Association, Inc. ("Tri-State") brings claims for breach of fiduciary duty

as a Third-Party Plaintiff against Jerry Underwood and Ryan Reiber ("Third-Party

Defendants").  (ECF No. 84.)  This matter is before the Court on Tri-State's Motion to

Strike Underwood's and Reiber's Right to Petition Defense ("Motion").  (ECF No. 271.)

For the reasons set forth below, the Motion is granted.

## I.  DISCUSSION

In December 2012, the Third Party-Defendants filed two Motions to Dismiss Tri-

State's claims against them.  (ECF Nos. 113 & 117.)  Among other arguments, they

asserted that Tri-State's claims against them must be dismissed because their allegedly

tortious actions were protected by the First Amendment's right to petition.  (ECF No. 113

at 5-8.)  On August 21, 2013, the Court denied Underwood's and Reiber's Motions to

Dismiss, holding in relevant part that "[b]ecause the Counterclaims against the Third-

Party Defendants do not seek relief for the filing of a lawsuit, they do not implicate the

First Amendment [right to petition]."  (ECF No. 252 at 8.)  On September 9, 2013, the

Third-Party Defendants filed separate Answers, both of which contained affirmative

defenses asserting that their actions were protected by the First Amendment right to

petition.  (ECF No. 259 at 20; ECF No. 260 at 13.)  Tri-State then filed the instant Motion

to Strike those affirmative defenses on September 30, 2013.  (ECF No. 271.)  No

response to the Motion was filed.

In the Motion, Tri-State argues that the Third-Party Defendants' First Amendment affirmative defenses should be stricken from their Answers under Federal Rule of Civil Procedure 12(f).  (*Id.* at 2.)  Rule 12(f) permits a court to "strike from a pleading an insufficient defense".  "An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance."  *F.D.I.C. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992).  "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case."  *United States v. Smuggler-Durant Min. Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993).  Striking a pleading is considered a "drastic remedy", and motions to strike are generally disfavored because they "may often be made as a dilatory tactic."  *Lane v. Page*, 272 F.R.D. 581, 587 (D.N.M. 2011).  Despite this disfavor, where striking an insufficient defense will reduce rather than increase delay, motions to strike "may be granted within the sound discretion of the district court."  *Smuggler-Durant*, 823 F. Supp. at 875 (citing *Isham*, 782 F. Supp. at 530).

Here, Tri-State points to the Court's Order denying the Third-Party Defendants' Motions to Dismiss, in which the Court found that Tri-State's claims did not implicate the Third-Party Defendants' First Amendment rights to petition.  (ECF No. 271 at 3.)  The Court's Order relied on a plain reading of Tri-State's Amended Counterclaims, in which Tri-State alleged a breach of fiduciary duty for failure to disclose and for disloyalty, not for filing the lawsuit.  (*See* ECF No. 252 at 7.)  Tri-State argues that although the Court was required to accept Tri-State's factual allegations as true for the purpose of the Motions to Dismiss, which could affect the Court's evaluation of the affirmative defenses when contested in a different posture, here the Court found the First Amendment arguments

3

meritless without any evaluation of or reliance on factual assertions.  (ECF No. 271 at 3.)
Accordingly, Tri-State contends that the Court has already found that Tri-State's claims
against the Third-Party Defendants do not implicate the First Amendment, and therefore
their affirmative defenses based upon the First Amendment are insufficient as a matter of
law.  (*Id.* at 4.)  The Third-Party Defendants filed no response to the Motion to contest Tri-
State's reading of the Court's Order.

The Court agrees that the Third-Party Defendants' First Amendment affirmative
defense cannot succeed, because Tri-State's claims do not raise First Amendment
issues.  Accordingly, the defense is legally insufficient, and it is appropriate to strike it.

## II.  CONCLUSION

For the reasons set forth above, the Court ORDERS that Tri-State's Motion to
Strike Underwood's and Reiber's Right to Petition Defense (ECF No. 271) is GRANTED,
and the affirmative defense based on the First Amendment Right to Petition is hereby
STRICKEN from the Answers filed by Ryan Reiber (ECF No. 259) and Jerry Underwood
(ECF No. 260).

Dated this 24th day of October, 2013.

BY THE COURT:

William J. Martínez
United States District Judge