IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 10-cv-02349-WJM-KMT

CHIMNEY ROCK PUBLIC POWER DISTRICT,
MIDWEST ELECTRIC COOPERATIVE CORPORATION,
NORTHWEST RURAL PUBLIC POWER DISTRICT, and
PANHANDLE RURAL ELECTRIC MEMBERSHIP ASSOCIATION,

      Plaintiffs,

v.

TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC.,

      Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION *IN LIMINE***

---

Plaintiffs Chimney Rock Public Power District, Midwest Electric Cooperative Corporation, Northwest Rural Public Power District, and Panhandle Rural Electric Membership Association (collectively "Plaintiffs") bring this action for breach of contract against Defendant Tri-State Generation and Transmission Association, Inc. ("Defendant"). The trial in this case is scheduled to commence on May 19, 2014, with the Final Trial Preparation Conference set for May 1, 2014. (ECF No. 302.)

This matter is before the Court on Defendant's Motion *in Limine* ("Motion"). (ECF No. 320.) For the reasons set forth below, the Motion is granted in part and denied in part.

**I. ANALYSIS**

Defendant's Motion seeks to preclude the following evidence from being admitted at trial: (1) any evidence that Defendant should have charged Plaintiff cost-

based rates; (2) any evidence that Defendant's "Postage Stamp Rate" is unfair; (3) any evidence of commitments from third-party power suppliers to supply electricity to Plaintiffs; (4) evidence from Plaintiffs' Rule 30(b)(6) designees as to which they have no personal knowledge and that is inadmissible hearsay; and (5) any evidence concerning regulatory proceedings in Colorado and New Mexico regarding Defendant's rates. (ECF No. 320.) The Court will address each category of evidence in turn.

**A.    Cost-Based Rates**

Defendant first argues that Plaintiffs may not introduce evidence that Defendant purportedly should have charged them cost-based rates for electricity, instead of the Postage Stamp Rate it used. (ECF No. 320 at 1-3.) Under a Postage Stamp Rate, each member of Defendant's power generation and transmission cooperative is required to pay the same price per unit of electrical power regardless of how far the power is transmitted or the actual cost of serving that member. (ECF No. 288 at 7-8.) Defendant argues that such evidence was relevant only to Plaintiff's claims for a breach of the implied covenant of good faith and fair dealing, which are no longer at issue after the Court's Order granting partial summary judgment in Defendant's favor as to those claims ("Summary Judgment Order"). (*See* ECF No. 300 at 10-11.)

Plaintiffs respond that, as a consequence of the Summary Judgment Order, they do not intend to present such evidence at trial. (ECF No. 329 at 1.) Accordingly, as the parties agree that such evidence is not relevant to the sole remaining claim, any evidence that Defendant should have charged Plaintiffs cost-based rates is inadmissible.

**B.     Fairness of Postage Stamp Rate**

Relying on the Summary Judgment Order, Defendant also seeks to preclude any evidence that the Postage Stamp Rate is allegedly unfair. (ECF No. 320 at 3.) Defendant argues that such evidence is irrelevant to the remaining claim, and any limited relevance is substantially outweighed by the risk of unfair prejudice, confusion, and misleading the jury. (*Id.* at 3-4.)

Under the Federal Rules of Evidence, "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is generally admissible at trial, but "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Plaintiffs' only remaining claim in this action alleges that Defendant breached its contract with Plaintiffs by failing to comply with its bylaws requiring it to establish equitable terms and conditions to allow Plaintiffs to withdraw. (ECF No. 288 at 3.) Plaintiffs contend that the fairness of the Postage Stamp Rate, which Defendant used to calculate the withdrawal terms it offered to Plaintiffs, is relevant to whether such terms were "equitable". (ECF No. 329 at 2.)

Defendant contends that the question of the fairness of the Postage Stamp Rate was resolved by the Summary Judgment Order, in which the Court held that Defendant's use of a Postage Stamp Rate was not a violation of the implied covenant

of good faith and fair dealing.[1]  (ECF No. 320 at 3.)  Defendant misreads the Summary Judgment Order as holding that the use of the Postage Stamp Rate was fair to Plaintiffs.  The Court explicitly stated in the Summary Judgment Order that "there are numerous factual disputes regarding whether the Postage Stamp Rate was fair to Plaintiffs, and . . . the question of its fairness cannot be resolved on summary judgment."  (ECF No. 300 at 9.)  The Court further clarified that "the fairness of the Postage Stamp Rate is not the key issue for purposes of the [Summary Judgment] Motion."  (*Id.*)  Thus, the Summary Judgment Order did not dispose of Plaintiffs' allegation that Defendant's proposed withdrawal terms were inequitable in part because of the use of the Postage Stamp Rate in calculating those terms.  Because that allegation is central to Plaintiffs' remaining claim, the Court finds that evidence regarding the fairness of the Postage Stamp Rate as used in calculating withdrawal terms continues to be relevant.

The Court recognizes the possibility that undue emphasis on the Postage Stamp Rate could run the risk of confusing the issues before the jury.  However, given Plaintiffs' recognition of such risk and stated intention to present evidence specific to the withdrawal terms offered by Defendant, the Court finds that evidence regarding the fairness of the Postage Stamp Rate is not inadmissible under Rule 403.

---

[1] Defendant also argues that the Court's Order shortening the length of the trial (ECF No. 302) demonstrates the Court's intent to eliminate from consideration any evidence regarding the Postage Stamp Rate, reasoning that if such evidence remained a trial issue, "the current five-day trial schedule would be unworkable."  (ECF No. 320 at 4-5.)  Defendant misreads the Court's Order, which explicitly referenced the reduction of trial issues after two orders on summary judgment.  (ECF Nos. 300 & 301.)  If Defendant believes it is impossible to try Plaintiffs' single remaining claim in five days, Defendant may file a motion to that effect for the Court's consideration.

**C.    Commitments from Other Suppliers**

Defendant argues that any evidence of purported commitments from alternative power suppliers to supply power to Plaintiffs in the event of their withdrawal is inadmissible, because no such evidence has been disclosed to Defendant. (ECF No. 320 at 5-6.) Plaintiffs respond that they intend to present no such evidence, in part because Defendant's actions prevented them from obtaining any commitments from alternative power suppliers. (ECF No. 329 at 2-4.) However, Plaintiffs explain that they intend to introduce evidence regarding Plaintiffs' preparations and discussions in an attempt to investigate alternative power suppliers, as well as Defendant's efforts to limit those discussions. (*Id.* at 4.) Defendant has presented no argument that Plaintiffs' preparatory discussions regarding withdrawal are inadmissible.

Given Plaintiffs' agreement not to present any evidence regarding commitments from alternative power suppliers that had not previously been disclosed, the Court finds no need to exclude such hypothetical evidence as inadmissible.

**D.    Rule 30(b)(6) Designees**

Defendant moves for a ruling limiting testimony by Plaintiffs' designees under Rule 30(b)(6) to issues as to which they have personal knowledge, and which are not inadmissible hearsay. (ECF No. 320 at 7-8.) Plaintiffs have not responded to this part of the Motion. (*See* ECF No. 329.)

Defendant's Motion identifies no specific evidence it seeks to exclude from Plaintiffs' Rule 30(b)(6) designees. Instead, Defendant makes general reference to evidence that may be inadmissible hearsay, and asks the Court to restrict the testimony

5

of Plaintiffs' witnesses without any indication of what such evidence will show, or for what purpose it will be offered. (*See* ECF No. 320 at 7.) The Court will not issue such a blanket evidentiary ruling, particularly where a fact-intensive evaluation of hearsay exceptions may be necessary. The Court has reviewed the case law regarding the scope of testimony for Rule 30(b)(6) designees and is prepared to rule on any objections at trial. Accordingly, Defendant's Motion is denied as to Plaintiffs' Rule 30(b)(6) designees.

### E.     Regulatory Proceedings in Colorado and New Mexico

Defendant moves for the exclusion of any evidence regarding the regulatory proceedings against it in Colorado and New Mexico. (ECF No. 320 at 8.) Defendant contends that such evidence is irrelevant, and any limited relevance is outweighed by the danger of unfair prejudice and jury confusion. (*Id.*)

Plaintiffs cite two bases for relevance in their response. First, Plaintiffs contend that Defendant made admissions regarding the disparate effects of the Postage Stamp Rate on its various members in pleadings submitted to the New Mexico Public Regulation Commission, supporting Plaintiffs' argument that the use of the Postage Stamp Rate in calculating withdrawal terms was inequitable and a breach of contract. (ECF No. 329 at 4.) Second, Plaintiffs contend that the evidence of litigation against Defendant, brought by its Colorado and New Mexico members, show that infighting has resulted from the Postage Stamp Rate, rebutting Defendant's expert's opinion that any alternatives to the Postage Stamp Rate will inevitably lead to infighting. (*Id.*)

The Court finds that this evidence is relevant for the two purposes cited by Plaintiffs.  The Court recognizes the risk that the jury could be confused by the evidence of regulatory proceedings in Colorado and New Mexico, and could inappropriately apply such regulatory concerns to Defendant's rates for Plaintiffs in Nebraska.  However, this risk can be limited through cross-examination of the relevant witnesses, and does not substantially outweigh the relatively substantial probative value of Defendant's admissions or factual rebuttal of Defendant's expert's opinions.

Accordingly, the Court will permit Plaintiffs to introduce evidence of the Colorado and New Mexico regulatory proceedings for the relevant purposes identified by Plaintiffs, and will not exclude such evidence under Rule 403.

## II. CONCLUSION

In accordance with the foregoing, the Court ORDERS that Defendant's Motion *in Limine* (ECF No. 320) is GRANTED IN PART and DENIED IN PART as described herein, and it is further ORDERED that any evidence that Defendant should have charged Plaintiffs cost-based rates will be inadmissible at trial.

Dated this 21st day of April, 2014.

BY THE COURT:

William J. Martínez
United States District Judge