**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02349-WJM-KMT

CHIMNEY ROCK PUBLIC POWER DISTRICT,
MIDWEST ELECTRIC COOPERATIVE CORPORATION,
NORTHWEST RURAL PUBLIC POWER DISTRICT, and
PANHANDLE RURAL ELECTRIC MEMBERSHIP ASSOCIATION,

     Plaintiffs,

v.

TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC.,

     Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE JURY DEMAND**

---

Plaintiffs Chimney Rock Public Power District, Midwest Electric Cooperative Corporation, Northwest Rural Public Power District, and Panhandle Rural Electric Membership Association (collectively "Plaintiffs") bring this action for breach of contract against Defendant Tri-State Generation and Transmission Association, Inc. ("Defendant").  The case is set for a five-day jury trial beginning on May 19, 2014, with the Final Trial Preparation Conference set for May 1, 2014.  (ECF No. 302.)  This matter is before the Court on Defendant's Motion to Strike Jury Demand as to Plaintiffs' Only Remaining Withdrawal Claim Seeking the Equitable Remedy of Restitution By Disgorgement ("Motion").  (ECF No. 310.)  For the reasons set forth below, Defendant's Motion is DENIED.

**I.  ANALYSIS**

Defendant's Motion is predicated on Plaintiffs' Response to Defendant's Motion

to Exclude Expert Testimony (ECF No. 294), in which Plaintiffs contended that the testimony of their damages expert should not be limited because the expert calculated damages based on a disgorgement theory. (ECF No. 306 at 12-13.) Defendant now argues that because Plaintiffs have presented evidence supporting only a disgorgement theory of damages, Plaintiffs are no longer entitled to a jury trial because disgorgement is an equitable remedy. (ECF No. 310 at 2-6.)

In response, Plaintiffs raise three arguments, each in the alternative: (1) in addition to disgorgement, Plaintiffs seek expectancy damages, a legal remedy which entitles them to a jury trial; (2) even if Plaintiffs may only seek a disgorgement remedy, disgorgement can be either legal or equitable, and here it is legal, entitling Plaintiffs to a jury trial; and (3) even if there is a possibility that Plaintiffs are not entitled to a jury trial, the Court should empanel a jury for an advisory verdict. (ECF No. 318.) Because the Court agrees with Plaintiffs that their request for expectancy damages entitles them to a jury trial, the Court's analysis will begin with that argument.

The Seventh Amendment preserves the right of trial by jury "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. The Supreme Court has held that in order "[t]o determine whether a particular statutory action is more analogous to cases tried in courts of law than to suits in courts of equity or admiralty, [the Court] examine[s] both the nature of the statutory action and the remedy sought." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 348 (1998); *see also Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990). "The more important factor is whether the remedy sought is legal or equitable in nature." *Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1159 (10th

Cir. 1998) (citing *Terry*, 494 U.S. at 565).

The parties agree that Plaintiffs' remaining claim is a breach of contract claim, which lies in law, not in equity. (ECF Nos. 310 at 3; 318 at 1.) However, the parties disagree about the nature of the remedy sought. Plaintiffs point to their Complaint, in which they requested money damages as well as equitable relief, and contends that it has never withdrawn that request. (*See* ECF Nos. 2; 318 at 2-6.) Defendant recognizes that Plaintiffs pled a request for expectancy damages, but contends that, because Plaintiffs have not presented any evidence supporting their request for expectancy damages, they cannot recover expectancy damages as a matter of law, and thus Plaintiffs' sole remedy requested is disgorgement of profits, an equitable remedy. (ECF No. 319 at 1-6.)

Defendant supports its argument that Plaintiffs cannot recover expectancy damages by pointing out that Plaintiffs admit they have no direct evidence of any commitments from alternative power suppliers with whom they could have contracted if Plaintiffs had been able to withdraw from the contract with Defendant. (*Id.* at 4.) In response to Plaintiffs' suggestion that the likelihood of such commitments can be inferred, Defendant contends that any such inference is purely hypothetical and speculative. (*Id.* at 6.)

The Court finds that, despite the lack of direct evidence supporting the calculation of damages proposed by Plaintiffs, Plaintiffs nevertheless retain their original request for expectancy damages. Plaintiffs have not withdrawn their request for such damages, nor has Defendant moved for summary judgment on the grounds that expectancy damages cannot be proven. Defendant's arguments go to whether

Plaintiffs will be able to prove a particular calculation of expectancy damages, or whether Plaintiffs will be able to present sufficient evidence to establish that Defendant caused those damages—not whether Plaintiffs' claim supports a request for such damages in the first instance. Accordingly, the Court declines to preemptively decide as a matter of law that Plaintiffs cannot prove expectancy damages by inference from the evidence they will produce at trial. Rather, it is a question for the jury to determine whether Plaintiffs are able to show, by a preponderance of the evidence, that they merit expectancy damages.

Because the Court has found that Plaintiffs seek a legal remedy, this case is distinguishable from those cases wherein courts have struck a jury demand because the plaintiff was entitled only to an equitable remedy. *See Adams*, 149 F.3d at 1161-62 (holding that plaintiffs had no entitlement to monetary benefits "unless and until a court exercise[d] its equitable powers", and therefore "their claim for monetary relief [was] inextricably intertwined with equitable relief" and did not merit a jury trial); *see also In re YRC Worldwide, Inc. ERISA Litig.*, 2010 WL 4920919, at *5 (D. Kan. Nov. 29, 2010) (same, citing *Adams*); *Maldonado v. Flynn*, 477 F. Supp. 1007, 1010 (S.D.N.Y. 1979) (because "[t]he typical remedy for elections of directors obtained by misleading proxy statements is equitable relief setting aside the tainted election", plaintiff's request for money damages did not entitle it to a jury trial where its underlying action was in equity and claims were "essentially equitable in nature"). Here, the underlying claim is undoubtedly a legal claim, arising from a contractual duty, and which naturally gives rise to a remedy in contract. Plaintiffs have requested that contractual remedy, in addition to equitable relief. The Court finds that the question of Plaintiffs' entitlement to

contractual expectancy damages is a matter of common law, not equity, and is a jury question under the Seventh Amendment.

Therefore, Plaintiffs are entitled to a jury trial on the question of their entitlement to expectancy damages. Because the Court finds Plaintiffs entitled to a jury trial, it need not decide the remainder of the arguments raised in the parties' briefing, namely whether a demand for disgorgement alone would entitle Plaintiffs to a jury trial, or whether an advisory jury is appropriate here. (*See* ECF No. 318 at 7-11.)

As a related matter, the parties' filings have raised the issue of the length of this trial. (*See, e.g.*, ECF Nos. 320 at 4-5; 329 at 2; 334 at 1.) The Court *sua sponte* reduced the length of this trial from nine days to five days based on the reduction of claims after two rulings on summary judgment. (ECF No. 302.) The Court has reviewed the Final Pretrial Order and the parties' pretrial filings, and has decided that this case requires seven days to try to a jury. Accordingly, the Court will extend the current length of the trial to run from Monday, May 19, 2014, through Wednesday, May 28, 2014, with the exception of Monday, May 26, 2014, which is a Court holiday.

## II. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion to Strike Jury Demand as to Plaintiffs' Only Remaining Withdrawal Claim Seeking the Equitable Remedy of Restitution By Disgorgement (ECF No. 310) is DENIED; and

2. The 5-Day Jury Trial set to begin on May 19, 2014 in this case is hereby VACATED and RESET for a 7-Day Jury Trial to begin on May 19, 2014 at 8:00 a.m. in Courtroom A801. No trial proceedings will be held on May 26, 2014,

which is a Court holiday.  The Final Trial Preparation Conference remains set for May 1, 2014 at 2:00 p.m.

Dated this 28th day of April, 2014.

BY THE COURT:

William J. Martinez
United States District Judge