**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 10-cv-02349-WJM-KMT

CHIMNEY ROCK PUBLIC POWER DISTRICT,
MIDWEST ELECTRIC COOPERATIVE CORPORATION,
NORTHWEST RURAL PUBLIC POWER DISTRICT, and
PANHANDLE RURAL ELECTRIC MEMBERSHIP ASSOCIATION,

      Plaintiffs,

v.

TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC.,

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO AMEND FINAL PRETRIAL ORDER**

---

      Plaintiffs Chimney Rock Public Power District, Midwest Electric Cooperative Corporation, Northwest Rural Public Power District, and Panhandle Rural Electric Membership Association (collectively "Plaintiffs") bring this breach of contract action against Defendant Tri-State Generation and Transmission Association, Inc. ("Defendant").  The case is set for a seven-day jury trial beginning on May 19, 2014, with the Final Trial Preparation Conference set for May 1, 2014.  (ECF No. 345.)

      This matter is before the Court on Defendant's Motion to Amend the Final Pretrial Order.  (ECF No. 333.)  For the reasons set forth below, the Motion is DENIED.

**I.  ANALYSIS**

      Defendant moves to amend the Final Pretrial Order, entered on August 13, 2013 (ECF No. 249) and amended on November 6, 2013 (ECF No. 288) and again on April 24, 2014 (ECF No. 336), seeking to add to its Exhibit List a summary exhibit pursuant to

Federal Rule of Evidence 1006 ("Summary Exhibit") (ECF No. 333-1), and to identify one of its trial witnesses to authenticate and testify about that Summary Exhibit. Defendant's proposed Summary Exhibit collects the recorded votes from the years 1981 through 2009 of the four members of Defendant's Board of Directors who also serve on the four Plaintiffs' Boards of Directors, voting on the annual Class A rates that Defendant charged for power.  (ECF No. 333-1.)  The Summary Exhibit is entitled "Did The Following Tri-State Annual Class A Rates Pass Without Any Recorded Dissent From The Representatives From The Following Tri-State Members?".  (*Id.*)

The Final Pretrial Order is intended to ensure "the economical and efficient trial of every case on its merits without chance or surprise."  *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987).  Thus, a Final Pretrial Order may be amended "only to prevent manifest injustice."  Fed. R. Civ. P. 16(e).  The party seeking to amend the Final Pretrial Order bears the burden of showing that manifest injustice will occur without the amendment.  *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).  The Tenth Circuit has established the following factors in determining whether to permit such an amendment: (1) prejudice or surprise to the party opposing the modification of the Final Pretrial Order; (2) the ability of the party opposing modification to cure the prejudice; (3) disruption to the orderly and efficient trial of the case resulting from the modification; and (4) bad faith by the party seeking to modify the order.  *Koch*, 203 F.3d at 1222.

Defendant's Motion reviews these four factors, arguing that no prejudice or disruption will result from this amendment because Plaintiffs have stipulated to the admissibility of the source material for the Summary Exhibit, and there is no indication

2

of bad faith.  (ECF No. 333.)  Plaintiffs dispute Defendant's assertion that no prejudice would result from the admission of the Summary Exhibit, arguing that its title in particular is argumentative and misleading.  (ECF No. 344.)  The Court agrees that the title of the Summary Exhibit improperly suggests that Plaintiffs largely approved of the rates, without drawing a distinction between the recorded votes made by Plaintiffs' representatives in their capacity as Tri-State Board Members and the Plaintiffs' own opinions of those rates.  Plaintiffs' ability to cure that prejudice at trial through cross-examination is limited when the Summary Exhibit bears its argumentative title in writing.

Even aside from the question of prejudice, however, Defendant's argument is directed at dispelling any concerns resulting from *admitting* the Summary Exhibit, but does not make any showing that "manifest injustice" would result from *excluding* the Summary Exhibit by refusing to amend the Final Pretrial Order.  This showing is required under the plain language of Rule 16(e).  Defendant's only argument as to manifest injustice is that excluding the Summary Exhibit will deprive Defendant of the ability to use it to "simplify issues for the jury and expedite the trial".  (ECF No. 333 at 10.)

Although Plaintiffs admit that the board minutes from which the Summary Exhibit draws its contents are voluminous, they dispute the need for a Summary Exhibit to simplify issues, given the fact that they have already stipulated to the admission of short summary excerpts of those board minutes.  (ECF No. 344 at 2.)  Further, Plaintiffs' concerns regarding the contents of the Summary Exhibit will result in inquiries into the accuracy of those contents during cross-examination, which could arguably prolong and complicate, rather than expedite and simplify, the trial.  The Court finds that it is far from clear that the Summary Exhibit will simplify issues and expedite the trial, and the

3

deprivation of Defendant's ability to simplify the issues contained in this single Summary Exhibit does not reach the level of manifest injustice.  Accordingly, and given the risk of prejudice to Plaintiffs, Defendant has failed to meet its burden to show that manifest injustice will result if the Court does not amend the Final Pretrial Order to permit the addition of the Summary Exhibit.

However, Plaintiffs note in their Response that they do not object to the admission of a different Rule 1006 summary exhibit of the same board minute entries of Defendant's annual rate adoption vote.  (ECF No. 344 at 1-2.)  Plaintiffs state that, despite their concerns regarding the accuracy of the summary's contents, they "remain willing to agree to a Rule 1006 summary based on th[e] actual minutes, understanding that Plaintiffs can develop the facts relating to the accuracy of the minutes at trial." (ECF No. 344.)  Plaintiffs effectively admit that no prejudice would result from the admission of such an exhibit.  Thus, if the parties stipulate to the admissibility of a Rule 1006 summary of this evidence, bearing a neutral, non-argumentative title such as "Tri-State Board Member Votes on Annual Class A Rates, 1981-2009", the Court will allow the amendment of the Final Pretrial Order to permit the admission of that stipulated exhibit and to permit Defendant to designate its trial witness for the purpose of authentication.

## II.  CONCLUSION

For the reasons set forth above, the Court ORDERS that Defendant's Motion to Amend Final Pretrial Order (ECF No. 333) is DENIED.  However, the Court will permit the admission at trial of a stipulated summary exhibit under Rule 1006 as set forth herein, and the designation of a witness to authenticate that exhibit.

4

Dated this 30th day of April, 2014.

BY THE COURT:

William J. Martinez
United States District Judge