**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02349-WJM-KMT

CHIMNEY ROCK PUBLIC POWER DISTRICT,
MIDWEST ELECTRIC COOPERATIVE CORPORATION,
NORTHWEST RURAL PUBLIC POWER DISTRICT, and
PANHANDLE RURAL ELECTRIC MEMBERSHIP ASSOCIATION,

  Plaintiffs,

v.

TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC.,

  Defendant/Third-Party Plaintiff,

v.

WAYNE COBB,
RYAN REIBER,
ROLLAND SKINNER, and
JERRY UNDERWOOD,

  Third-Party Defendants.

---

**ORDER DENYING WAYNE COBB AND ROLLAND SKINNER'S
MOTION TO AMEND THE JUDGMENT AND MOTION FOR FEES AND COSTS**

---

  In this diversity action, Defendant and Third-Party Plaintiff Tri-State Generation

and Transmission Association, Inc. ("Tri-State") brought Third-Party Claims against four

individuals, Wayne Cobb, Jerry Underwood, Rolland Skinner, and Ryan Reiber

(collectively "Third-Party Defendants").[1]  (ECF No. 84.)  Cobb and Skinner were

dismissed from this action on August 21, 2013, when the Court granted their Motions to

---

[1] Although all of Tri-State's claims were denominated "Counterclaims" in its pleadings,
these claims were in fact Third-Party Claims, as they were asserted against individuals who
were not previously parties to the action.  (*See* ECF No. 84 at 57-58.)

Dismiss.  (ECF No. 252.)  This matter is before the Court on Cobb and Skinner's Rule 59

Motion to Amend the Judgment ("Rule 59 Motion") (ECF No. 275) and Motion for Fees

and Costs (ECF No. 276) (together the "Motions").  For the reasons set forth below, the

Motions are denied.

## I.  BACKGROUND

This breach of contract action was brought by Plaintiffs Chimney Rock Public

Power District ("Chimney Rock"), Midwest Electric Cooperative Corporation ("Midwest"),

Northwest Rural Public Power District ("Northwest"), and Panhandle Rural Electric

Membership Association ("PREMA"), (collectively "Plaintiffs") against Tri-State, a

Colorado generation and transmission association of which Plaintiffs are all members.

(ECF No. 1-1.)

On September 28, 2009, Plaintiffs[2] filed their Complaint in the District of Nebraska

against Tri-State and various individual defendants[3], alleging breach of contract, breach

of fiduciary duty, and related claims arising from a dispute over the rates at which Tri-

State sold electric power to Plaintiffs.  (ECF No. 1-2.)  After the District of Nebraska

granted a Motion to Change Venue under 28 U.S.C. § 1404(a), the case was transferred

to this Court on September 24, 2010.  (ECF Nos. 1-71, 1-77.)

On December 3, 2012, Tri-State filed its claims against the Third-Party

Defendants.  (ECF No. 84.)  These claims included a claim for breach of fiduciary duty

_____

[2] At the time, Plaintiffs included an additional plaintiff, Roosevelt Public Power District, which is no longer a party to the case.  (ECF Nos. 1-2, 46.)

[3] The individual defendants were subsequently dismissed from the action.  (*See* ECF Nos. 1-26, 146.)

against Wayne Cobb, a member of the board of directors of Northwest, and Jerry

Underwood, a member of the board of directors of PREMA, both of whom were members

of Tri-State's board of directors at all relevant times.  (*Id.* ¶¶ 26-27, 47, 53, 87-91.)  Tri-

State also asserted a claim against Rolland Skinner, an employee of Northwest, and

Ryan Reiber, an employee of PREMA, for aiding and abetting Cobb's and Underwood's

breach of fiduciary duty.  (*Id.* ¶¶ 8-9, 92-95.)

In December 2012, separate Motions to Dismiss pursuant to Rule 12(b)(6) were

filed by Cobb and Underwood (ECF No. 113) and Reiber and Skinner (ECF No. 117).  On

August 21, 2013, the Court granted the Motions to Dismiss in part, dismissing all claims

against Cobb and Skinner due to immunities granted by the Nebraska Political

Subdivisions Tort Claims Act.  (ECF No. 252.)  The Court ordered that the parties should

bear their own costs.  (*Id.* at 23.)

On October 9, 2013, Cobb and Skinner filed the instant Motions, requesting that

the Court rescind its order that the parties bear their own costs, and instead award them

attorneys' fees and costs.  (ECF Nos. 275 & 276.)  On Tri-State's motion, the Court

bifurcated briefing on the issue of entitlement to fees and costs from the amounts of

those fees and costs.  (ECF No. 277.)  On October 30, 2013, Tri-State filed its

Responses to the Motions with respect to Cobb and Skinner's entitlement to fees and

costs (ECF Nos. 285 & 286), and on November 18, 2013, Cobb and Skinner filed their

Replies (ECF Nos. 289 & 290).

## II.  ANALYSIS

In the Rule 59 Motion, Cobb and Skinner contend that they are entitled to costs as

a matter of law under both Colorado law and Federal law.  (ECF No. 275.)  In the Motion

3

for Fees and Costs, Cobb and Skinner argue that they are also entitled to their

reasonable attorneys' fees under Colorado law.  (ECF No. 276.)  The Court will discuss

each of the Motions in turn.

**A.**    **Rule 59 Motion: Costs**

Federal Rule of Civil Procedure 59(e) permits a Court to alter or amend a judgment

on timely motion by a party.  "Rule [59(e)] was adopted to make clear that the district

court possesses the power to rectify its own mistakes in the period immediately following

the entry of judgment."  *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982)

(internal quotation marks and brackets omitted).  Here, the Order challenged by Cobb

and Skinner was not a judgment.  (*See* ECF No. 252.)  However, the same legal standard

apply to both a Rule 59 motion and a motion for reconsideration: the Court has discretion

to amend an order or judgment "to correct clear error or prevent manifest injustice."

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Thus, a motion

for reconsideration is appropriate where the court has misapprehended the facts, a

party's position, or the controlling law.  It is not appropriate to revisit issues already

addressed or advance arguments that could have been raised in prior briefing."  *Id.*

(internal citation omitted).

Cobb and Skinner argue that the Court's refusal to award costs was a clear error

of law, because an award of costs is mandatory under Colorado law.  (ECF No. 275 at 2

(citing Colo. Rev. Stat. § 13-16-113(2) ("[W]here any such [tort] action is dismissed prior

to trial under rule 12(b) of the Colorado rules of civil procedure, the defendant shall have

judgment for his costs.")).)

4

In support of their contention that the Court should apply Colorado law, Cobb and Skinner cite to an unpublished case, *Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 F. App'x 707, 716 (10th Cir. 2009). In *Infant Swimming*, the court affirmed a district court's decision to award costs under § 13-16-113. *Infant Swimming* did not hold that a district court sitting in diversity jurisdiction *must* award costs under § 13-16-113, as Cobb and Skinner suggest.[4] Therefore, the Court finds *Infant Swimming* inapplicable here.

Rather, the Tenth Circuit has stated explicitly that "[i]n a diversity case, federal law controls in regard to the assessment of costs." *Chaparral Res., Inc. v. Monsanto Co.*, 849 F.2d 1286, 1291-92 (10th Cir. 1988) (citing, *inter alia*, 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2552 (3d ed. 2008) ("There has been some suggestion that in diversity cases federal courts should look to state law as to costs . . . . With regard to ordinary items of costs, . . . the suggestion clearly is unsound.")). Accordingly, the Court will follow federal law in reviewing the challenged Order.

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Accordingly, the Court "presume[s] a prevailing party is entitled to costs." *Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 659 (10th Cir. 2013), *cert. denied*, 2014 WL 1052259 (U.S. May 27, 2014) (citing

---

[4] The Court further notes that *Infant Swimming* primarily involved an award of attorneys' fees under Colorado Revised Statute § 13-17-201, and the only reference to § 13-16-118 involved the district court's use of its discretion to award costs that the appellant alleged were not allowable. *Infant Swimming*, 335 F. App'x at 716. The *Infant Swimming* Court declined to address those arguments because they were not raised before the court below; thus, the case is not instructive with respect to any mandatory application of § 13-16-118. *See id.* at 717.

*Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 721-22 (10th Cir. 2000)).  "[W]hile the district court may still withhold costs from a prevailing party, the court must provide valid reasons for doing so. . . .  Therefore, for efficiency's sake, it [i]s proper for the district court to rectify that omission by responding to . . . [a] post-judgment motion for costs."  *Id.*; *see also Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1182 (10th Cir. 2011) ("[T]o deny a prevailing party its costs is in the nature of a severe penalty, such that there must be some apparent reason to penalize the prevailing party if costs are to be denied.") (internal quotation marks omitted).

"The circumstances in which a district court may properly deny costs to a prevailing party include when (1) the prevailing party is only partially successful, (2) the prevailing party was obstructive and acted in bad faith during the course of the litigation, (3) damages are only nominal, (4) the nonprevailing party is indigent, (5) costs are unreasonably high or unnecessary, or (6) the issues are close and difficult."  *Debord*, 737 F.3d at 659-60 (internal quotation marks omitted).  Cobb and Skinner argue that the sixth circumstance, where the issues are close and difficult, is not actually applied in this Circuit.  (*See* ECF No. 288-89.)  This argument ignores the Tenth Circuit's explicit statement, in a published opinion, that such a circumstance is one of the few in which a district court may properly deny costs to a prevailing party.  *See Debord*, 737 F.3d at 660.

The Court finds that circumstance occurred here, as the choice of law analysis on which the Court's ruling depended was a complex, difficult question.  (*See* ECF No. 252 at 14-19.)  As Tri-State points out, Cobb and Skinner's own expert opined that "the issue was not straightforward or simple."  (ECF No. 276-16 at 9.)  Because the issues involved

were close and difficult, the Court found it appropriate to order that the parties bear their own costs.  Given the Tenth Circuit authority permitting the Court to deny costs to a prevailing party in such a circumstance, the Court finds that its Order denying costs to Cobb and Skinner was not in error.  *See Debord*, 737 F.3d at 660.

Therefore, Cobb and Skinner's Rule 59 Motion is denied, and the Court's Order stating that the parties shall bear their own costs will not be amended.  It follows that the portion of Cobb and Skinner's Motion for Fees and Costs that requests an award of costs is also denied, as the Court has ruled that Cobb and Skinner shall bear their own costs.

**B.    Motion for Fees**

As the Court has denied the request for costs, the only remaining issue is Cobb and Skinner's request for attorneys' fees.  Cobb and Skinner argue that they merit a mandatory award of attorneys' fees pursuant to Colorado Revised Statute § 13-17-201(2), which states that a defendant prevailing in a motion to dismiss a tort claim pursuant to Colorado Rule of Civil Procedure 12(b) "shall have judgment for his reasonable attorneys' fees".  (ECF No. 276 at 5.)  To decide this issue, the Court is once again faced with a choice of law analysis.

A court sitting in diversity jurisdiction must apply a two-step inquiry in evaluating which law to apply:

> First, the court must determine whether a particular matter is procedural or substantive for *Erie Railroad Co. v. Tompkins* purposes.  If the matter is procedural, then federal law applies; if the matter is substantive, then the court follows the law of the forum state.  Second, if the court has determined that the matter is substantive, then it looks to the substantive law of the forum state, including its choice of law principles, to determine the applicable substantive law.

*Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938)) (internal citations omitted). Notably, "[t]hese two steps are distinct inquiries; thus, what is substantive or procedural for *Erie* purposes is not necessarily substantive or procedural for choice-of-law purposes." *Id.* (citing *Sun Oil Co. v. Wortman*, 486 U.S. 717, 726 (1988)).

The Court need not engage in an extensive analysis of the first step, because the case law establishes that "attorney's fees are substantive for diversity purposes". *Id.*; *see also Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1177 (10th Cir. 2000) (noting that Rule 54(d)(2) regarding attorneys' fees refers explicitly to variable requirements of "the substantive law"). Thus, the Court proceeds to the second step of the choice of law inquiry, which is to determine the applicable substantive law governing a request for attorneys' fees in this case. *See Boyd Rosene*, 174 F.3d at 1118.

In the Order challenged here, the Court held that while Colorado law applied to Tri-State's fiduciary duty claims against Cobb and Skinner, Nebraska was the forum state. (ECF No. 252 at 15 (citing *Benne v. Int'l Bus. Machs. Corp.*, 87 F.3d 419, 423-24 (10th Cir. 1996); *Schreiber v. Allis-Chalmers Corp.*, 611 F.2d 790, 792 (10th Cir. 1979)).) In so holding, the Court agreed with Cobb and Skinner's argument that Nebraska immunity law should be applied. (ECF No. 252 at 19-21.) The Court declines to reconsider that holding, and concludes that *Boyd Rosene* requires the Court to apply forum state law, or here, Nebraska law, to the issue of attorneys' fees. *See Boyd Rosene*, 174 F.3d at 1118.

Nevertheless, Cobb and Skinner argue that the Court should apply Colorado law to their request for attorneys' fees because Colorado law governs the claims at issue. (ECF

No. 290 at 4.)  They contend that *Boyd Rosene*, which stated that a court must "look[] to the substantive law of the forum state" in considering a request for attorneys' fees, applies only to a contract suit, and that the Court should instead apply *Bill's Coal Co., Inc. v. Board of Public Utilities*, 887 F.2d 242 (10th Cir. 1989).  (*Id.*)  Cobb and Skinner further cite *Infant Swimming*, arguing that the Tenth Circuit has held that § 13-17-201 applies to diversity cases involving Colorado state law tort claims.  335 F. App'x at 715.

However, the relevant part of *Bill's Coal* deals only with the first part of the two-step inquiry, that is, the holding that attorneys' fees "are determined by state law and are substantive for diversity purposes."  887 F.2d at 246.  *Bill's Coal* does not require the Court to find, at the second step of the choice of law analysis, that the choice of law for the substantive claims must be the same for all substantive issues.  Rather, longstanding case law mandates that the choice of law rules of the forum state govern.  *See Barrett v. Tallon*, 30 F.3d 1296, 1300 (10th Cir. 1994) ("A federal court sitting in diversity applies the substantive law, including choice of law rules, of the forum state."); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) ("[M]atters of substance . . . should be settled by reference to the law of the appropriate state according to the type of case being tried in the forum.").  Since the forum state here is Nebraska, Colorado law—and *Infant Swimming*—are inapplicable.

Under Nebraska law, a prevailing party on a breach of fiduciary duty claim is not entitled to an award of attorneys' fees unless the court has determined that the "claim or defense . . . is frivolous or made in bad faith."  Neb. Rev. Stat. § 25-824(2).  The Court has made no such finding here.  In their Reply in support of the Motion for Fees and

Costs, Cobb and Skinner argue for the first time that Tri-State's fiduciary duty claims were frivolous, and that the choice of law issue that made the question complex was of Tri-State's own making in moving to transfer the case to this Court.  (ECF No. 290 at 7.)  The Court does not consider issues raised for the first time in a reply brief, and declines to discuss this argument.  *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

Therefore, the Court finds that Cobb and Skinner have not shown that they are entitled to an award of attorneys' fees, and the Court denies the Motion for Fees and Costs in its entirety.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS that Cobb and Skinner's Rule 59 Motion to Amend the Judgment This Court Entered on August 21, 2013 (ECF No. 275) and Wayne Cobb and Rolland Skinner's Motion for Fees and Costs (ECF No. 276) are DENIED.

Dated this 12th day of June, 2014.

BY THE COURT:

William J. Martinez
United States District Judge